UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| BAITING JIANG, | Case No. 21-cv-01293-LB |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| KNTV TELEVISION LLC, et al., | Re: ECF No. 34 |
| Defendants. | |

## INTRODUCTION

This is a defamation lawsuit arising from news reports published by KNTV Television LLC (branded on-air and on its website as NBC Bay Area). KNTV reported on developments in a tenant-landlord dispute involving an eviction proceeding and related civil harassment proceedings filed in San Mateo County Superior Court.[1] Plaintiff Baiting Jiang — an individual involved in the dispute and proceedings — filed a complaint against KNTV bringing one claim for defamation and alleging that the news reports included false statements about her.[2]

KNTV moves to strike the complaint and to secure an award of attorney's fees and costs under California Code of Civil Procedure § 425.16, the state's Strategic Lawsuits Against Public

---

[1] Compl. – ECF No. 1 at 1–2 (¶¶ 1–5). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id*. at 3–4 (¶ 10).

ORDER – No. 21-cv-01293-LB

Participation (SLAPP) law, and moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[3] The court can decide the motion without oral argument. N.D. Cal. Civ. L. R. 7-1(b). The court strikes the complaint and awards KNTV's attorney's fees because KNTV's news reports are protected by California's Anti-SLAPP law and the plaintiff has not shown that she is likely to prevail on her claim because the court lacks diversity jurisdiction and grants KNTV's request for attorney's fees.

**STATEMENT**

The plaintiff is a resident of California who rented a room in San Mateo, California from July 2019 until October 2020.[4] KNTV (d/b/a NBC Bay Area) is a print and broadcast news subsidiary of NBCUniversal with its principal place of business and headquarters in California.[5]

In October 2020, KNTV published three news stories on its website, www.nbcbayarea.com, and social media platforms reporting about (1) a landlord-tenant dispute between the plaintiff and her former landlord, (2) eviction and civil harassment proceedings in San Mateo County Superior Court related to the dispute, and (3) the overall implications of California's COVID-19 eviction moratorium.[6] The plaintiff filed a complaint bringing one claim for defamation against KNTV (erroneously identified as "NBCUiversal") and asserting that the following statements in the reports were false and published with malice:

   a) Baiting Jiang made former landlord "may lost home"
   b) Baiting Jiang forced former landlord out of their home.
   c) Baiting Jiang fored former landlord's son sleep in the car.
   d) Baiting caused former landlord left home for about 6 months to over one year.
   e) Baiting Jiang run water in former landlord room intentionally.
   f) Baiting Jiang run water in former landlord room to damage their house.
   g) Baiting Jiang filed the restraining order against former landlord, and never go to the court.

---

[3] Mot. – ECF No. 34.

[4] Compl. – ECF No. 1 at 2 (¶ 6).

[5] Kornzweig Decl. – ECF No. 34-1 at 2 (¶ 3).

[6] News Reports, Exs. C-1, D1, & E-1 to Gorton Decl. – ECF No. 34-3 at 7–14, 39–41, 56–61; Docket Sheets, Exs. F–L to Gorton Decl. – ECF No. 34-3 at 77–116. The court grants the defendant's unopposed Request for Judicial Notice at ECF No. 35.

  h) Baiting Jiang pointed a sharp subject to former' landlord's son and daughter.
  i) Baiting Jiang threatened and harassed former landlord and her son and daughter.
  j) Baiting Jiang demanded former landlord and their family members to pay a large sum of money.
  k) Baiting Jiang want to live the room for free.
  l) Baiting Jiang want to stay in the former landlord's house forever.[7]

KNTV moves to strike the complaint and to secure an award of attorney's fees and costs under California Code of Civil Procedure Section 425.16, the state's Strategic Lawsuits Against Public Participation ("SLAPP") law, and moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[8] The plaintiff filed a series of oppositions to the motion and a motion to stay the proceedings pending criminal charges filed against her in San Mateo Superior court.[9] The parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636.[10]

## STANDARD OF REVIEW

Section 425.16 of the California Code of Civil Procedure is called the anti-SLAPP statute because it allows a defendant to gain early dismissal of causes of action that are designed primarily to chill the exercise of First Amendment rights. *Siam v. Kizilbash*, 130 Cal. App. 4th 1563, 1568 (2005). Section 425.16(b)(1) provides:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that there is a probability that the plaintiff will prevail on the claim.

And section 425.16(e) provides that acts "in furtherance of" these rights include:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law;
> (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law;
> (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; or

---

[7] Compl. – ECF No. 1 at 3–4 (¶ 10).

[8] Mot. – ECF No. 34.

[9] Opp'ns – ECF Nos. 40–44; Mot. – ECF No. 45 at 4–5. The court denies the plaintiff's motion to stay.

[10] Consents – ECF Nos. 12, 31.

ORDER – No. 21-cv-01293-LB  3

(4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

California's anti-SLAPP statute applies to state claims in federal court. *Thomas v. Fry's Elecs., Inc.*, 400 F.3d 1206, 1206–07 (9th Cir. 2005). In ruling on an anti-SLAPP motion, the trial court engages in a two-step process. *Equilon Enters. v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (2002). First, the court decides whether the defendant has made a threshold showing that the challenged cause of action arises from acts in furtherance of the defendant's right of petition or free speech under the United States or California constitutions in connection with a public issue. *Id.* Second, "[i]f the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim." *Id.* The claim is subject to dismissal only when the defendant shows that the claim is based on protected conduct and the plaintiff fails to show a probability of success on that claim. *Navellier v. Sletten*, 29 Cal. 4th 82, 88–89 (2002).

For the first part of the test, a defendant must make a prima facie showing that the claim "arises from" its conduct "in furtherance of" its exercise of free speech or petition rights as defined in § 425.16(e). *Equilon*, 29 Cal. 4th at 61. "For purposes of the anti-SLAPP statute, a cause of action 'arises from' conduct that it is 'based on.'" *Graham-Suit v. Clainos*, 756 F.3d 724, 735 (9th Cir. 2013) (citing *Copenbarger v. Morris Cerullo World Evangelism*, 215 Cal. App. 4th 1237, 1244–45 (2013)). Thus, a court must ask what activities form the basis for each of a plaintiff's causes of action. *Id.* The court then must ask whether those activities are "protected" and thereby bring the cause of action within the scope of the anti-SLAPP statute. *Id.* (citing *Wallace v. McCubbin*, 196 Cal. App. 4th 1169, 1182–84 (2011)).

For the second part of the test, the burden then shifts to the plaintiff to establish as a matter of law that no such protection exists. *Governor Gray Davis Comm. v. Am. Taxpayers Alliance*, 102 Cal. App. 4th 449, 456 (2002). To establish a probability of prevailing, a plaintiff must demonstrate that the complaint is legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited. *Premier Med. Mgmt. Systems, Inc. v. California Ins. Guar. Ass'n*, 136 Cal. App. 4th 464, 476 (2006). The plaintiff also must present evidence to overcome any privilege or defense to

the claim that has been raised. *Flatley v. Mauro*, 39 Cal. 4th 299, 323 (2006).

In any action subject to the anti-SLAPP statute, "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Code Civ. P. § 425.16(c); *Verizon Delaware v. Covad Comms.*, 377 F.3d 1081, 1091 (9th Cir. 2004).

In state court, a defendant may file an anti-SLAPP motion within 60 days "after service of the complaint" or an amended complaint, whichever is operative, "or, in the court's discretion, at any later time upon terms it deems proper." Cal. Civ. Code § 425.16(f). In federal court, federal procedures apply. If a defendant's anti-SLAPP motion challenges the legal sufficiency of the plaintiff's complaint, then federal pleading standards apply — including granting the plaintiff leave to amend. *Verizon Delaware*, 377 F.3d at 1091; *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 982–83 (C.D. Cal. 1999). If a motion to strike is based on a plaintiff's alleged failure of proof, then the court treats the motion as a motion under Rule 56. *Rogers*, 57 F. Supp. 2d at 983.

**ANALYSIS**

**1. Motion to Strike**

KNTV contends that the complaint should be stricken in its entirety because its news reports are protected by the Anti-SLAPP statute and there is no probability that the plaintiff will prevail because the court lacks subject matter jurisdiction under 28 U.S.C. § 1332.[11] The court strikes the complaint on these grounds.

California's anti-SLAPP statute applies, in relevant part, to statements made "in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law," Cal. Civ. Proc. Code § 425.16(e)(2); statements made "in a place open to the public or a public forum in connection with an issue of public interest," Cal. Civ. Proc. Code § 425.16(e)(3); and "any other conduct in furtherance of the exercise of ... the constitutional right of free speech in connection with a public issue or an issue of

---

[11] Mot. – ECF No. 34 at 15–21.

public interest." Cal. Civ. Proc. Code § 425.16(e)(4). Courts interpret "public issue" and "public interest" broadly to include "any issue in which the public is interested." *Nygard, Inc. v. Uusi-Kerttula*, 159 Cal. App. 4th 1027, 1042 (2008).

The Anti-SLAPP statute applies here. First, the eviction and civil harassment proceedings in San Mateo County Superior Court are issues under consideration by a judicial body.[12] Second, the landlord-tenant disputes are matters of public interest. *Smith v. Payne*, No. C 12-01732, 2012 WL 6712041, at *2 (N.D. Cal. Dec. 26, 2012) ("landlord-tenant disputes and the consequences thereof—are a matter of significant public interest") (citation omitted). Third, KNTV's website and social media accounts constitute public fora. *Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, 946 F. Supp. 2d 957, 975 (N.D. Cal. 2013) ("Cases construing the term 'public forum' as used in section 425.16 have noted that the term is traditionally defined as a place that is open to the public where information is freely exchanged.") (quoting *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1006 (2001)), *aff'd*, 609 F. App'x 497 (9th Cir. 2015); *Todd v. Lovecruft*, No. 19-cv-01751-DMR, 2020 WL 60199, at *13 (N.D. Cal. Jan. 6, 2020) ("Twitter is a public forum for the purposes of the anti-SLAPP statute.").

Because the news reports are protected by the Anti-SLAPP statute, the plaintiff must show that she is likely to prevail on her defamation claim. She has not done so.

Lack of subject matter jurisdiction is sufficient grounds for striking a claim under California's anti-SLAPP statute. *Barry v. State Bar of Cal.*, 2 Cal 5th 318, 324 (2017); *Peak Health Ctr. V. Dorfman*, No. 19-cv-04145-VKD, 2020 WL 3254337, at *3 (N.D. Cal. June 16, 2020). District courts have diversity jurisdiction of all civil actions in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a). Here, the court does not have jurisdiction because the parties — both residents of California — are not diverse.[13] The court strikes the defamation claim accordingly.

---

[12] Docket Sheets, Exs. F–L to Gorton Decl. – ECF No. 34-3 at 77–116.

[13] Compl. – ECF No. 1 at 2 (¶ 6); Kornzweig Decl. – ECF No. 34-1 at 2 (¶ 3).

**2. Attorney's Fees**

KNTV also moves for attorney's fees.

In any action subject to the anti-SLAPP statute, "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Code Civ. P. § 425.16(c); *Verizon Delaware v. Covad Comms.*, 377 F.3d 1081, 1091 (9th Cir. 2004); *Pinnacle Ventures LLC v. Bertelsmann Educ. Servs. LLC*, No. 18-cv-03412-BLF, 2020 WL 1082764, at *2 (N.D. Cal. Mar. 6, 2020) ("Unless the plaintiff establishes a probability of prevailing on the claim, the court must grant the motion and ordinarily must also award the defendant its attorney's fees and costs.") (quoting *Barry*, 2 Cal. 5th at 320).

The fee provision of the anti-SLAPP statute applies in federal court. *Smith v. Payne*, No. C 12-01732 DMR, 2013 WL 1615850, at *1 (N. D. Cal. Apr. 15, 2013) (citations omitted). Thus, California law governs attorney's fees based on California's anti-SLAPP statute. *Graham-Sult v. Clainos*, 756 F.3d 724, 751 (9th Cir. 2013). The fee-shifting provision "is broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extracting herself from a baseless lawsuit." *Id.* at 752 (quotation omitted). The lack of subject matter jurisdiction does not bar the court from awarding fees and costs. *Barry*, 2 Cal. 5th at 324.

The analysis of a reasonable fee award begins with the lodestar, which the court calculates by multiplying the number of hours reasonably spent by counsel by a reasonable hourly rate. *Chavez v. City of Los Angeles*, 47 Cal. 4th 970, 985 (2010). "[T]he lodestar is the basic fee for comparable legal services in the community." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001). "The reasonable hourly rate is that prevailing in the community for similar work." *PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000).

KNTV seeks $17,673.95 in attorney's fees consisting of $13,063.36 in attorney's fees billed by Davis Wright Tremaine to date, plus an additional $4,610.59 in attorney's fees it estimates it

will bill to resolve the motion.[14] DWT has billed a total of 34.70 hours to date and provided the following billing breakdown:[15]

| Name | Rate | Fees incurred on Defendant's Anti-SLAPP Motion | Fees incurred after 20% reduction (discounted rate) |
|---|---|---|---|
| Thomas R. Burke | $744.00 | $2,232.00 | $1,785.60 |
| Kelly M. Gorton | $512.00 | $10,502.00 | $8,401.60 |
| Noel Nurrenbern | $336.00 | $3,595.20 | $13,036.36 |
|  |  | $16,329.20 | $13,063.36 |

The court finds that the hourly rates and hours billed are reasonable, awards the $13,063.36 fees for work already performed, and defers consideration of any additional fees until DWT submits documentation of additional hours billed.

**2.1   Hourly Rates**

DWT's hourly rates are reasonable.

The court must determine a reasonable hourly rate based on the "experience, skill, and reputation of the attorney requesting fees." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). Determining a reasonable hourly rate is inherently difficult. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). To determine the reasonable hourly rate, the court looks to "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers*, 796 F.3d at 1210–11. The relevant community is typically the forum community. *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995); *see Braden v. BH Fin'l Servs., Inc.*, No. C 13-02287 CRB, 2014 WL 892897, at *6 (N.D. Cal. Mar. 4, 2014) (rates are those "customarily charged for work of the type performed in the legal community"). To inform and assist the court in making this assessment, "the burden is on the fee applicant to produce satisfactory evidence — in addition to the attorney's own affidavits — that the requested rates are in line with those prevailing in the community." *Blum*, 465 U.S. at 895 n.11. An attorney's declaration about the reasonableness of the claimed rate is insufficient to meet the fee applicant's burden. *See Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1263 (9th Cir. 1987).

---

[14] Mot. – ECF No. 34 at 21–22.

[15] Gorton Decl. – ECF No. 34-2 at 10.

1   Declarations by attorneys regarding the prevailing market rate in the community may be sufficient
2   to establish a reasonable hourly rate. *Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1989). Courts
3   have the discretion to reduce the hourly rate for tasks that could have been performed by less-
4   skilled persons. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1148 (9th Cir. 2001).

   Here, DWT submitted one declaration by its own attorney. That said, the declaration contextualized their rates by referencing their attorneys' and paralegal's experience and rates charged by comparable firms. Their rates are at or below the median rage for lawyers of comparable experience doing comparable work in the Bay Area.[16] The court's own experience with fee applications om Anti-SLAPP cases confirms that conclusion. Moreover, the total sum of $17,673.95 reflects a 20% fees discount.[17] The court is satisfied that the rates are consistent with prevailing rates in the community by comparable lawyers doing similar work. *See Cuviello v. Feld Entertainment, Inc.,* No. 13–cv–04951–BLF, 2015 WL 154197, at *2–*3 (court has broad discretion in setting the reasonable hourly rates used in the lodestar calculation) (citation omitted); *Ketchum*, 24 Cal. 4th at 1132 (court can rely on its own experience).

### 2.2  Total Hours Billed

The applicant must justify the claim by submitting detailed time records. *Hensley v. Eckhart*, 461 U.S. 424, 437 (1983) (The applicant "is not required to record in great detail how each minute of his time was expended," but should "identify the general subject matter of his time expenditures."); *Smith*, 2013 WL 1615850, at *1 (citations omitted). The applicant must exercise sound "billing judgment" regarding the number of hours worked and must eliminate excessive, redundant, unproductive, or unnecessary hours. *Hensley v. Eckerhart*, 461 U.S.424, 437 (1983).

The total hours billed are reasonable. DWT submitted a detailed time record showing the time billed on this case.[18] The 34.70 hours billed were limited to the work provided by the primary

---

[16] *Id.* at 5–6.

[17] *Id.* at 10.

[18] Ex. Q to Gorton Decl. – ECF No. 43-3 at 151.

attorneys on this matter, and DWT eliminated time spent on work that appeared duplicative, excessive, or unnecessary.[19]

## CONCLUSION

The court strikes the plaintiff's defamation claim under the anti-SLAPP statute because there is no diversity jurisdiction, grants the defendant's motion for $13,063.36 in attorney's fees because the plaintiff has not prevailed on her claim, and instructs DWT to submit documentation of any additional hours billed.

**IT IS SO ORDERED.**

Dated: October 8, 2021

LAUREL BEELER
United States Magistrate Judge

---

[19] Gorton Decl. – ECF No. 34-2 at 10.