UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BAITING JIANG,

Plaintiff,

v.

KNTV TELEVISION LLC, et al.,

Defendants.

Case No. 21-cv-01293-RFL

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT OR FOR RELIEF FROM JUDGMENT; GRANTING MOTIONS TO SEAL**

Re: Dkt. Nos. 308, 311, 320, 341, 344, 346, 350, 355, 359, 361, 362, 364, 366, 367, 368

Plaintiff Baiting Jiang initiated this action in 2021, and judgment was entered in favor of Defendants on January 15, 2026. Jiang has since filed a Motion to Alter or Amend Judgment or For Relief From Judgment and several Administrative Motions to File Under Seal. For the reasons described below, the Motion to Alter or Amend Judgment is **DENIED** and the Administrative Motions to File Under Seal are **GRANTED**.

**I. Motion to Alter Judgment**

On December 23, 2025, Magistrate Judge Laurel Beeler issued a report and recommendation to dismiss this action. (*See* Dkt. No. 279 (the "R&R").) No objections were filed in the following three weeks. On January 15, 2026, having still received no objections, the Court adopted the R&R, dismissed the case, and entered judgment. (*See* Dkt. Nos. 287–88.) Over two weeks later, on February 1, Jiang moved under Federal Rules of Civil Procedure 59(e) and 60(b) to alter or amend judgment or for relief from judgment, seeking vacatur of the judgment so that she could have an opportunity to file belated objections to the R&R. (*See* Dkt. Nos. 301 (original request), 308 (refiled request).)

A district court may alter or amend a judgment under Rule 59(e) "if (1) the district court

is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (citation omitted). Rule 60(b), in turn, allows a "court [to] relieve a party . . . from a final judgment, order, or proceeding for" various reasons, including: "mistake, inadvertence, surprise, or excusable neglect"; "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party"; and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)–(3), (6). Reconsideration of a judgment under either of these rules constitutes an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 858–59 (9th Cir. 2022) (citation omitted); *see also Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (citation omitted).

According to Jiang, she lacked notice of the objection deadline because both she and her mother suffered from health conditions that limited her ability "to keep up with litigation tasks and deadlines," and a computer virus "prevented her from receiving the relevant ECF notices." (Dkt. No. 308 at ECF Pages 11–12.) However, Jiang electronically submitted three filings on January 6, 2026, the date objections were due. (*See* Dkt. Nos. 281–83.) Jiang would have had to access the docket, which would have displayed the R&R in bolded text, in order to complete those three filings. That is sufficient to charge her with constructive knowledge of the R&R. Moreover, Jiang's filings from January 6 include a complaint with numerous exhibits and a proposed summons and civil cover sheet, indicating that she was in fact able to conduct fairly in-depth litigation activity at that time. (*See id.*) Jiang does not explain why she was able to perform those tasks while being unable to lodge her objections and to conduct research about the facts at issue. Jiang then waited over three weeks after her January 6 filings before filing the motion. On this record, Jiang has not demonstrated her entitlement to the extraordinary remedy she seeks. *See, e.g.*, *Berman*, 30 F.4th at 858–59 (affirming denial of Rule 60(b) motion where

defendants lacked "reasonable diligence"); *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 212 (9th Cir. 1987) (newly discovered evidence justifying a Rule 59(e) motion cannot be in the party's "possession" or able to be "discovered with reasonable diligence").

Accordingly, the Motion to Alter Judgment is **DENIED**.

## II. Motions to Seal

Currently pending are 14 unopposed sealing motions that Jiang filed in relation to her Motion to Alter Judgment. (Dkt. Nos. 311, 320, 341, 344, 346, 350, 355, 359, 361, 362, 364, 366, 367, 368.) All of these motions were filed after judgment was entered and the case was closed. The documents Jiang seeks to seal include medical information about Jiang and her mother, along with other personal information that is not relevant to the merits of this case. Compelling reasons warrant sealing of this personal information. Jiang's Administrative Motions to File Under Seal are **GRANTED**.

**IT IS SO ORDERED.**

Dated: September 14, 2026

RITA F. LIN
United States District Judge